UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | **1.0 CR 10.096 GAO** |
| | ) VIOLATIONS: |
| | ) |
| v. | ) 18 U.S.C. § 371: |
| | ) Conspiracy; |
| | ) |
| | ) 18 U.S.C. § 2422(a): |
| | ) Inducing Travel for |
| (1) HONG WEI, a/k/a "Ms. Chen," | ) Prostitution; |
| (2) JING LIANG CHEN, a/k/a "Mike," | ) |
| (3) XIANG HUA ZHANG, a/k/a | ) |
| "Darren," | ) 18 U.S.C. § 1952(a)(3): |
| (4) DONG KAI CHEN and | ) Interstate Travel in Aid |
| (5) YU EN JIN, a/k/a "Eric" | ) Of Racketeering; |
| | ) |
| Defendants | ) 18 U.S.C. § 1591 & 1594: |
| | ) Sex Trafficking By Force, |
| | ) Fraud or Coercion; |
| | ) |
| | ) 18 U.S.C. §§ 1589 & 1594: |
| | ) Forced Labor; |
| | ) |
| | ) 8 U.S.C. § 1324(a)(1)(A) |
| | ) (iii) & (B)(i): Harboring |
| | ) Aliens; and |
| | ) |
| | ) 18 U.S.C. § 2: Aiding & |
| | ) Abetting |
| | ) |
| | ) Criminal Forfeiture |
| | ) Allegations |

**INDICTMENT**

The Grand Jury charges that:

<u>COUNT ONE</u>:  18 U.S.C. § 371 - Conspiracy

From in or about August 2004, to on or about March 25,

2010, in the District of Massachusetts and elsewhere,

      **(1) HONG WEI, a/k/a "Ms. Chen,"**
      **(2) JING LIANG CHEN, a/k/a "Mike,"**
      **(3) XIANG HUA ZHANG, a/k/a "Darren,"**
      **(4) DONG KAI CHEN, and**
      **(5) YU EN JIN, a/k/a "Eric"**

defendants herein, knowingly conspired and agreed with each other, and other persons unknown to the grand jury, to:

    a.  Persuade, induce, entice, and coerce individuals to travel in interstate commerce, to engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(a); and

    b.  Transport individuals in interstate commerce, with intent that such individuals engage in prostitution and in sexual activity for which a person can be charged with a criminal offense, in violation of Title 18, United States Code, Section 2421.

## A.  Object of the Conspiracy

    An object of the conspiracy was to make substantial sums of money through the recruitment and exploitation of Asian women as part of an interstate prostitution ring that offered the women for prostitution and massage.

## B.  Manner and Means of the Conspiracy

    1.  It was part of the conspiracy that members of the conspiracy advertised in various Chinese newspapers to entice

2

Asian women to travel to and from the State of New York and the Commonwealth of Massachusetts and to and from other states in the United States and the Commonwealth of Massachusetts for the purpose of prostitution.

2.   It was further part of the conspiracy that members of the conspiracy advertised in various newspapers and on the internet, including The Boston Phoenix and Craigslist, offering the services of Asian women in Boston.

3.   It was further part of the conspiracy that members of the conspiracy rented apartments in several locations throughout Massachusetts, including Quincy, Allston, Stoneham, Wellesley, Newton, Woburn, Malden, Peabody, Somerville, Burlington, Watertown and Medford to run their prostitution business (hereinafter referred to as "brothels").

4.   It was further part of the conspiracy that members of the conspiracy assisted Asian women with their travel to and from the State of New York and the Commonwealth of Massachusetts and to and from other states in the United States and the Commonwealth of Massachusetts for the purpose of prostitution. Some of the women who traveled to defendants' brothels were illegal aliens and had come to, entered and remained in the United States in violation of law.

## C.  Overt Acts in Furtherance of the Conspiracy

During and in furtherance of the conspiracy, one or more of

the conspirators committed one or more of the following overt

acts, among other overt acts:

5.  On or about August 3, 2004, defendant **Jing Liang CHEN**

entered into an agreement to lease an apartment located at 73

Clifton Street, Malden, MA.

6.  On or about and between December 2005 and February 2009,

defendant **Jing Liang CHEN** used a credit card in his name to pay

for advertising for the services of Asian women in The Boston

Phoenix, Female Escort section.

7.  On or about and between June 4, 2008, and June 30, 2008,

defendant **Hong WEI** entered into an agreement to lease an

Apartment 34B at 26 Beacon Street, Burlington, MA.

8.  On or about October 2008, defendant **Jing Liang CHEN**

transported Asian women with luggage to/from 1258 Commonwealth

Avenue, Allston, MA to/from South Station Bus Station, Boston,

MA.

9.  On or about and between November 6, 2008, and November

12, 2008, defendant **Xiang Hua ZHANG** entered into an agreement to

lease Apartment 2A at 11 Barrows Street, Allston, MA.

10.  On or about and between December 1, 2008, and December

15, 2008, defendant **Xiang Hua ZHANG** entered into an agreement to

lease Apartment 3B-3 at 241 Lexington Street, Woburn, MA.

11.  On or about May 12, 2009, defendant **Xiang Hua ZHANG**

entered into an agreement to lease Apartment G2 at 17 Carey

4

Avenue, Watertown, MA.

12.   On or about and between May 21, 2009, and June 25, 2009, defendant **Xiang Hua ZHANG** entered into an agreement to lease Apartment 4 at 1078 Fellsway, Medford, MA.

13.   On or about and between June 25, 2009, and July 15, 2009, defendant **Xiang Hua ZHANG** entered into an agreement to lease Apartment 4 at 66 Mill Street, Woburn, MA.

14.   On or about and between August 25, 2009, and September 15, 2009, defendant **Xiang Hua ZHANG** entered into an agreement to lease Apartment 17 at 136 Main Street, Stoneham, MA.

15. On or about August 28, 2009, defendant **Yu En JIN** transported supplies and an Asian woman with luggage to 11 Barrows Street, Apartment 2A, Allston, MA.

16.   On or about and between September 18, 2009, and September 29, 2009, defendant **Xiang Hua ZHANG** entered into an agreement to lease Apartment 2 at 18 Grove Street, Wellesley, MA.

17.   On or about October 6, 2009, defendant **Hong WEI** called defendant **Dong Kai CHEN** and instructed him to pick up a woman at the South Street Bus Station in Boston, MA at 3:00 p.m.

18.   On or about October 6, 2009, at approximately 3:07 p.m., defendant **Dong Kai CHEN** picked up an Asian woman at South Station Bus Station and drove her to one of defendant **Hong WEI's** brothels at 132 Main Street, Stoneham, MA.

19.   On or about October 23, 2009, defendant **Xiang Hua ZHANG**

entered into an agreement to lease Apartment 19 at 457 Centre Street, Newton, MA.

20. On or about November 23, 2009, defendant **Hong WEI** called a taxicab to pick up an Asian woman from one of defendant **WEI's** brothels to transport her to Logan Airport where she boarded a flight to Los Angeles, CA.

21. On or about November 24, 2009, defendant **Xiang Hua ZHANG** entered into an agreement to lease an apartment at 1238A Commonwealth Avenue, Allston, MA.

22. On or about November 29, 2009, defendant **Yu En JIN** drove to two of **WEI's** brothels: 18 Newbury Avenue, Quincy, MA, and 1238A Commonwealth Avenue, Allston, MA.

23. On or about December 3, 2009, defendant **Hong WEI** instructed defendant **Dong Kai CHEN** not to disclose any information about her bank accounts and to destroy any deposit slips.

24. On or about December 8, 2009, defendant **Hong WEI** instructed defendant **Dong Kai CHEN** not to write down her or defendant **Xiang Hua ZHANG's** bank account numbers or disclose any information about the two accounts to anybody.

25. From January 2009 through January 2010, defendant **Dong Kai CHEN** deposited approximately $97,158 in cash derived from prostitution activities into defendant **Hong WEI's** bank account.

26.    From March 2009 through January 2010, defendant **Dong Kai CHEN** deposited approximately $111,024 in cash derived from prostitution activities into defendant **Xiang Hua ZHANG's** bank account.

27.    From April 2009 through October 2009, defendant **Xiang Hua ZHANG** made ten payments to The Boston Phoenix totaling approximately $13,125 from his Bank of America checking account in payment of advertising for the services of Asian women in The Boston Phoenix, Female Escort Section.

All in violation of Title 18, United States Code, Section 371.

7

**COUNT TWO:** 18 U.S.C. § 2422(a) - Inducing Travel to Engage in Prostitution

The Grand Jury further charges that:

Between or on about August 1, 2008, through on or about September 31, 2008, in the District of Massachusetts and elsewhere,

> **(1) HONG WEI, a/k/a "Ms. Chen," and**
> **(2) JING LIANG CHEN, a/k/a "Mike"**

defendants herein, knowingly persuaded, induced, enticed and coerced an individual, identified by the initials GQ, whose identity is known to the grand jury, to travel in interstate commerce, that is, from New York to Massachusetts, to engage in prostitution and in sexual activity for which any person can be charged with a criminal offense, and aided and abetted such conduct.

All in violation of Title 18, United States Code, Sections 2422(a) and 2.

8

COUNT THREE: 18 U.S.C. § 1591 - Sex Trafficking by
                    Force, Fraud or Coercion

The Grand Jury further charges that:

Commencing on or about August 1, 2005, and
continuing to on or about September 1, 2005, all dates being
approximate and inclusive, in Peabody, and elsewhere within the
District of Massachusetts,

(1) HONG WEI, a/k/a "Ms. Chen," and
(2) JING LIANG CHEN, a/k/a "Mike"

defendants herein, aiding and abetting one another and others
known and unknown to the grand jury, knowingly, in and affecting
interstate commerce, recruited, enticed, harbored, transported,
provided and obtained an individual, identified by the initials
NH, whose identity is known to the grand jury, knowing that
force, fraud and coercion would be used to cause NH to engage in
a commercial sex act, and benefitted financially and by receiving
a thing of value from participation in a venture that engaged in
such acts.

All in violation of Title 18, United States Code, Sections
1591 and 2.

## COUNT FOUR: 18 U.S.C. § 1589 - Forced Labor

The Grand Jury further charges that:

Commencing on or about around August 1, 2005, and continuing to on or about September 1, 2005, all dates being approximate and inclusive, in Peabody, and elsewhere within the District of Massachusetts,

> (1) **HONG WEI, a/k/a "Ms. Chen," and**
> (2) **JING LIANG CHEN, a/k/a "Mike"**

defendants herein, aiding and abetting one another and others known and unknown to the grand jury, knowingly obtained the labor and services of an individual, identified by the initials SO, whose identity is known to the grand jury, by threats of serious harm to, and physical restraint against SO or another person; by means of a scheme, plan, and pattern intended to cause SO to believe that, if she did not perform such labor or services, she or another person would suffer serious harm or physical restraint; and by the abuse and threatened abuse of law and the legal process.

All in violation of Title 18, United States Code, Sections 1589 and 2.

## COUNT FIVE: 18 U.S.C. § 1589 - Forced Labor

The Grand Jury further charges that:

Commencing in or around August 1, 2005, and continuing to on or about September 1, 2005, all dates being approximate and inclusive, in Peabody, and elsewhere within the District of Massachusetts, the defendants

> (1) **HONG WEI, a/k/a "Ms. Chen," and**
> (2) **JING LIANG CHEN, a/k/a "Mike"**

aiding and abetting one another and others known and unknown to the grand jury, knowingly obtained the labor and services of an individual, identified by the initials NH, whose identity is known to the grand jury, by threats of serious harm to, and physical restraint against NH; by means of a scheme, plan, and pattern intended to cause NH to believe that, if she did not perform such labor or services, she or another person would suffer serious harm or physical restraint; and by the abuse and threatened abuse of law and the legal process.

All in violation of Title 18, United States Code, Sections 1589 and 2.

**COUNT SIX**: 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i)- Harboring an Alien in the United States

The Grand Jury further charges that:

Commencing in or about August 2005, and continuing to on or about September 1, 2005, within the District of Massachusetts,

> (1) **HONG WEI, a/k/a "Ms. Chen," and**
> (2) **JING LIANG CHEN, a/k/a "Mike"**

defendants herein, knowingly and in reckless disregard of the fact that an individual, identified by the initials SO, whose identity is known to the grand jury, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield from detection SO in a place, specifically, the apartment at 11 Essex Lane, Peabody, Massachusetts, and did so for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii)and (B)(i) and Title 18, United States Code, Section 2.

COUNT SEVEN: 8 U.S.C. §§ 1324(a)(1)(A)(iii) and (B)(i) - Harboring an Alien in the United States

The Grand Jury further charges that:

Commencing in or about August 2005, and continuing to on or about September 1, 2005, within the District of Massachusetts,

(1) HONG WEI, a/k/a "Ms. Chen," and
(2) JING LIANG CHEN, a/k/a "Mike"

defendants herein, knowingly and in reckless disregard of the fact that an individual, identified by the initials NH, whose identity is known to the grand jury, an alien, had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield from detection NH in a place, specifically, the apartment at 11 Essex Lane, Peabody, Massachusetts, and did so for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii)and (B)(i) and Title 18, United States Code, Section 2.

## COUNTS EIGHT through FOURTEEN: 18 U.S.C. § 1952(a)(3) - Interstate Travel in Aid of Racketeering

The Grand Jury further charges that:

On or about the dates specified in the counts below, within the District of Massachusetts and elsewhere,

> **(1) HONG WEI, a/k/a "Ms. Chen," and**
> **(2) XIANG HUA ZHANG, a/k/a "Darren"**

defendants herein, did knowingly engage in the following conduct involving interstate commerce, that is,

(a) did travel and use a facility in interstate commerce with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of any unlawful activity, that is a business enterprise involving prostitution, in violation of Title 18, United States Code, Sections 371, 2421, and 2422(a), namely, conspiracy to coerce, entice and transport individuals in furtherance of prostitution, and in violation of Massachusetts Chapter 272, Section 53A, namely, engaging in sexual conduct for a fee and thereafter performed, or attempted to perform, an act to facilitate the promotion, management, establishment and carrying on of said business enterprise.

**COUNT EIGHT**:  On or about April 26, 2009, the defendants traveled from New York to defendant **WEI's** brothel located at 241 Lexington Avenue, Apartment B-3, Woburn, MA.

**COUNT NINE**:  On or about July 2, 2009, the defendants traveled from New York to defendant **WEI's** brothel located at 18 Newbury Avenue, Apartment 9, Quincy, MA.

14

**COUNT TEN**:   On or about September 15, 2009, the defendants traveled from New York to defendant **WEI's** brothel located at 18 Newbury Avenue, Apartment 9, Quincy, MA.

**COUNT ELEVEN**:   On or about October 23, 2009, the defendants traveled from New York to defendant **WEI's** brothel located at 11 Barrows Street, Apartment 2A, Allston, MA.

**COUNT TWELVE**: On or about November 17, 2009, defendant **Hong WEI** had a telephone conversation with a woman named "Wendy" about traveling from out of state to Massachusetts to work in one of defendant **WEI's** brothels.

**COUNT THIRTEEN**: On or about and between November 18, 2009, and November 22, 2009, defendant **Hong WEI** had several telephone conversations with a woman identified as "Tiffany" about traveling from Houston to Boston to work at one of defendant **WEI's** brothels.

**COUNT FOURTEEN:** On or about and between November 23, 2009, and December 2, 2009, defendant **Hong WEI** had a telephone conversation with a woman named "Lisa" about taking the bus from New York to Boston to work at one of defendant **WEI's** brothels.

All in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

**FIRST FORFEITURE ALLEGATION:**   (18 U.S.C. § 2428)

1.     Upon conviction of any offense in violation of 18
U.S.C. § 371 or 18 U.S.C. § 2422 alleged herein, the defendants,

> (1) **HONG WEI, a/k/a "Ms. Chen,"**
> (2) **JING LIANG CHEN, a/k/a "Mike,"**
> (3) **XIANG HUA ZHANG, a/k/a "Darren,"**
> (4) **DONG KAI CHEN, and**
> (5) **YU EN JIN, a/k/a "Eric"**

jointly and severally, shall forfeit to the United States,

pursuant to 18 U.S.C. § 2428, any property, real or personal,

used or intended to be used to commit or to facilitate the

commission of such offense, and any property, real or personal,

that constitutes or is derived from proceeds traceable to such

offense.

2.     If any of the property described in paragraph 1 hereof

as being forfeitable pursuant to 18 U.S.C. § 2428, as a result of

any act or omission of the defendants --

> a.     cannot be located upon the exercise of due
>        diligence;
>
> b.     has been transferred to, sold to, or deposited
>        with a third party;
>
> c.     has been placed beyond the jurisdiction of this
>        Court;
>
> d.     has been substantially diminished in value; or
>
> e.     has been commingled with other property which
>        cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. §

2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of

all other property of the defendants up to the value of the property described in subparagraphs a through e of this paragraph.

**SECOND FORFEITURE ALLEGATION: (18 U.S.C. § 981(a)(1)(C);**
**28 U.S.C. § 2461(c))**

1.     Upon conviction of any offense in violation of 18

U.S.C. § 1952(a)(3) alleged herein, the defendants,

> (1) **HONG WEI, a/k/a "Ms. Chen,"** and
> (2) **XIANG HUA ZHANG, a/k/a "Darren,"**

jointly and severally, shall forfeit to the United States,

pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any

property, real or personal, which constitutes or is derived from

proceeds traceable to such offense.

2.     If any of the property described in paragraph 1 hereof

as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c), as a result of any act or omission of the

defendants --

> a.     cannot be located upon the exercise of due
>        diligence;
>
> b.     has been transferred to, sold to, or deposited
>        with a third party;
>
> c.     has been placed beyond the jurisdiction of this
>        Court;
>
> d.     has been substantially diminished in value; or
>
> e.     has been commingled with other property which
>        cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. §

2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of

all other property of the defendants up to the value of the

18

property described in subparagraphs a through e of this
paragraph.

'

**THIRD FORFEITURE ALLEGATION:**   (18 U.S.C. § 981(a)(1)(C);
18 U.S.C. § 1594(d);
28 U.S.C. § 2461(c))

1.   Upon conviction of any offense in violation of 18
U.S.C. §§ 1589 or 1591 alleged herein, the defendants,

   (1) **HONG WEI, a/k/a "Ms. Chen," and**
   (2) **JING LIANG CHEN, a/k/a "Mike,"**

jointly and severally, shall forfeit to the United States,
pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any
property, real or personal, which constitutes or is derived from
proceeds traceable to such offense.

2.   Upon conviction of any offense in violation of 18
U.S.C. §§ 1589 or 1591 alleged herein, the defendants,

   (1) **HONG WEI, a/k/a "Ms. Chen," and**
   (2) **JING LIANG CHEN, a/k/a "Mike,"**

jointly and severally, shall forfeit to the United States,
pursuant to 18 U.S.C. § 1594(d)(2), any property, real or
personal, that was used or intended to be used to commit or to
facilitate the commission of such offense, and any property, real
or personal, constituting or derived from, any proceeds obtained,
directly or indirectly, as a result of such offense.

3.   If any of the property described in paragraphs 1 or 2
hereof as being forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C)
and 28 U.S.C. § 2461(c), or 18 U.S.C. § 1594(d)(2), as a result
of any act or omission of the defendants --

   a.   cannot be located upon the exercise of due
        diligence;

20

      b.   has been transferred to, sold to, or deposited with a third party;

      c.   has been placed beyond the jurisdiction of this Court;

      d.   has been substantially diminished in value; or

      e.   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendants up to the value of the property described in subparagraphs a through e of this paragraph.

**FOURTH FORFEITURE ALLEGATION:** (18 U.S.C. § 982(a)(6)(A); 8 U.S.C. § 1324(b); 28 U.S.C. § 2461(c))

1.    Upon conviction of any offense in violation of 8 U.S.C. § 1324 alleged herein, the defendants,

> (1) **HONG WEI, a/k/a "Ms. Chen," and**
> (2) **JING LIANG CHEN, a/k/a "Mike,"**

jointly and severally, shall forfeit to the United States, pursuant to 8 U.S.C. § 1324(b), any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of such violation, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds.

2.    Upon conviction of any offense in violation of 18 U.S.C. § 1324 alleged herein, the defendants,

> (1) **HONG WEI, a/k/a "Ms. Chen," and**
> (2) **JING LIANG CHEN, a/k/a "Mike,"**

jointly and severally, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(6)(A), (a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of each offense, and (b) any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of each offense, or that is used to facilitate, or is intended to be used to facilitate, the commission of each offense.

3.    If any of the property described in paragraphs 1 or 2 hereof as being forfeitable pursuant to 18 U.S.C. § 982(a)(6)(A),

22

8 U.S.C. § 1324 or 28 U.S.C. § 2461(c), as a result of any act or omission of the defendants --

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred to, sold to, or deposited with a third party;

      c.    has been placed beyond the jurisdiction of this Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p), to seek forfeiture of all other property of the defendants up to the value of the property described in subparagraphs a through e of this paragraph.

**A TRUE BILL**

_____
FOREPERSON OF THE GRAND JURY


_____
LAURA J. KAPLAN
Assistant U.S. Attorney

DISTRICT OF MASSACHUSETTS; March 25, 2010.

Returned into the District Court by the Grand Jurors

and filed.

Thomas F. Sum
3/25/2010 @ 4:07pm

24